RUSSELL S. HUMPHREY
HUMPHREY LAW GROUP
343 E. Main St., Suite 714
Stockton, CA 95202
Telephone: (209) 625-8976
Facsimile: (209) 625-8673
Email: russell@humphreylawgroup.net
Attorney for PLAINTIFF
Francisca Moralez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>    PLAINTIFF,<br><br>    v.<br><br>JP Morgan Chase & Company dba JP Morgan Chase Bank, N.A., Antioch Hillcrest Branch, 749865<br><br><br><br>DEFENDANTS. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990; VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT CAL CIV. CODE § 51, *et seq.*, THE CALIFORNIA DISABLED PERSONS ACT CAL CIV. CODE § 54, *et seq.*<br><br>DEMAND FOR JURY TRIAL |

**I.   SUMMARY**

1.   This is a civil rights action by PLAINTIFF, Francisca Moralez (Hereinafter "PLAINTIFF"), for discrimination at the building, structure, property and land known as: JP Morgan Chase Bank, 3457 Deer Valley Road, Antioch, CA 94531.

2. PLAINTIFF seeks damages, injunctive and declaratory relief, attorney fees and costs against the DEFENDANTS pursuant to the American with Disabilities Act of 1990, 42 U.S.C §12101 et seq. (Hereinafter "ADA") and violations of the California Unruh Civil Rights Act, California Civil Code section 51 et seq., and the California Disabled Person's Act. (California Civil Code section 54 et seq.)

## II. JURISDICTION

3. The United States District Court, Northern District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. §12101 et seq. The Court also has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise out of the same case or controversy.

## III. VENUE

4. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. §1391(b), (c). Additionally, the real property that is the subject of this action is located in the United States District Court, Northern District of California.

**IV. INTRADISTRICT**

5. This civil case should be assigned to the Oakland intra-district because the civil rights violations occurred in, and PLAINTIFF'S rights arose in, the Oakland intra-district. PLAINTIFF will stipulate to a Voluntary Dispute Resolution Program. PLAINTIFF consents to an early Settlement Conference.

**V. PARTIES**

6. DEFENDANT JP Morgan Chase Bank located at 3457 Deer Valley Road, Antioch, CA provides full banking services to the public.

7. PLAINTIFF is an American with severe physical impairments and is a "person with a disability" and a "physically handicapped person" pursuant to the rules and regulations of the ADA, 42 U.S.C §12102 (2)(A); 28 C.F.R §36.104, and related California statutes including California Civil Code §51, et seq., and §54, et seq. PLAINTIFF suffers from rheumatoid arthritis and needs the assistance of a wheelchair for assistance in her daily life activities. PLAINTIFF cannot walk without the assistance from her motorized wheelchair. She can, however, drive a motor vehicle and when she does, she brings her motorized wheelchair with her to assist with her mobility.

**VI. GENERAL ALLEGATIONS**

8.      DEFENDANT is a "public accommodation" as defined by 42 U.S.C §12181(7); 28 C.F.R. §36.104 and subject to the requirements of California Civil Code §51 and §52 since it is a business open to the public.  DEFENDANT is open to the public whose sole purpose is intended for nonresidential commercial use and whose operation affects interstate commerce.

9.      Plaintiff began using this bank as early as January 2013 and continues to use the bank to maintain her checking and savings accounts.  She has held accounts with this bank when it was known formerly as Washington Mutual and has done so for many years. Plaintiff has continuously used banking services at this branch for approximately four (4) years.  From the first day she entered the bank, she had difficulty conducting her transactions with the tellers as the service counters and P.O.S. devices are high and she cannot see the display on the P.O.S. and has difficulty reading the prompts to enter the appropriate information.  She needs assistance and this is unnecessarily embarrassing.  Her visits are numerous as this is where she banks.  Such visits have been on and off but usually on a monthly if not more often basis.  Such dates include but are not limited to the following dates: 4/21/15, 5/7/15, 10/27/15,2/8/16,10/29/16, 11/2516, & 12/22/16.  On these dates Plaintiff had difficulty maneuvering through the entrance doors into the bank as the doors are difficult to open and they also hit the plaintiff before she can pass through the doors.  Plaintiff

also has difficulty maneuvering over the threshold of the doors. The table by the interior ATM machine is difficult for the Plaintiff to use as it is high and lacks sufficient space for her to use writing and appropriate leg clearance. She had difficulty conducting her transactions with the tellers as the service counters and P.O.S. devices are high and she cannot see the display on the P.O.S. and has difficulty reading the prompts to enter the appropriate information.  This causes Plaintiff pain in her shoulders, arms and neck, and strains her vision.  Plaintiff has had numerous conversations through out the years with various JP Morgan Chase employees & mangers but nothing has changed.

15.   On every date mentioned in this complaint, PLAINTIFF encountered physical barriers that interfered with, if not outright denied, PLAINTIFF'S ability to use and enjoy the goods, services, privileges and accommodations offered at DEFENDANT.

16.   PLAINTIFF personally encountered this physical barrier in the DEFENDANT'S location on each of her visits.

17.   PLAINTIFF seeks injunctive relief to require DEFENDANT to remove all architectural barriers related to her disabilities and to comply with the ADA and Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") contained in 28 CFR Part 36.

18.      PLAINTIFF is deterred and forgoes visits to DEFENDANT based upon personal knowledge of existing barriers.  PLAINTIFF

...

understands she is not required to engage in the "futile gesture" of actually returning to the inaccessible place of public accommodation, however, PLAINTIFF wishes to return to DEFENDANT once the physical barriers are eliminated.

## VII. FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA

19. PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 18.

20. Title III of the ADA, and the regulations promulgated thereunder, require that after January 26, 1992, all new construction and alterations of facilities for the use of the public be designed and constructed in such a manner that the public accommodation is readily accessible to, and usable by, individuals with disabilities.

21. DEFENDANT discriminated, and each of them, against PLAINTIFF on the basis of PLAINTIFF'S disabilities and denied PLAINTIFF the opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages or accommodations, in violation of 42 U.S.C. §12182(a), 42 U.S.C. §12182(b)(1)(A)(I).

22. Moreover, DEFENDANT'S conduct denied PLAINTIFF, on the sole basis of PLAINTIFF'S disabilities, the opportunity to participate in, or benefit from, a good, service, privilege, advantage or

*Moralez v. JP Morgan Chase Bank*
Plaintiff's Complaint
6

accommodation that was equal to that afforded to other individuals in violation of 42 U.S.C. §12181(b)(1)(A)(ii).

23.  Furthermore, DEFENDANT failed to provide PLAINTIFF with it's goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to a disabled person's, including PLAINTIFF'S, individual needs in violation of 42 U.S.C. §12182(b)(1)(B).  The barriers identified above are only those that Plaintiff personally encountered.  Plaintiff is presently unaware of other barriers that may in fact exist at the facility and relate to her disabilities.  Plaintiff will seek to amend this Complaint once such additional barriers are identified as it is Plaintiff's intentions to have all barriers that exist at the facility and relate to her disabilities removed to afford her full and equal access. Defendants knew, or should have known, that these elements and areas of the facility were inaccessible and violate federal and state law.  Moreover, Defendants have the financial resources to remove these barriers from the premises without much difficulty and expense and make the facility accessible to the physically disabled.  Thus, Defendants violated the ADA by failing to identified barriers when it was readily achievable to do so.  In the alternative, if it was not "readily achievable" to do so then the defendants violated the ADA by failing to make the required services available through alternative methods, which are achievable.

24. **INJUNCTIVE RELIEF:** PLAINTIFF seeks injunctive relief to prohibit the acts and omissions of DEFENDANT as complained of herein which have the effect of wrongfully discriminating against PLAINTIFF and other members of the public who are physically disabled from full and equal access to these public facilities. Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of the PLAINTIFF in that these actions treated PLAINTIFF as an inferior and second-class citizen and served to discriminate against her on the sole basis that PLAINTIFF is, and at all times mentioned in this complaint was, a person with disabilities. PLAINTIFF is currently deterred from patronizing DEFENDANT and will be unable to achieve equal access to services and facilities at the public accommodation so long as such acts and omissions of DEFENDANT continues. The acts of DEFENDANT proximately caused irreparable injury to PLAINTIFF and will continue to cause irreparable injury to PLAINTIFF and to other disabled persons if not enjoined by this District Court.

25. As of the date of the filing of this complaint, DEFENDANT continues to be in violation of state and federal ADA law in that the complained of property and businesses are, and continue to be, generally inaccessible for use by physically disabled persons such as PLAINTIFF. PLAINTIFF requests that an injunction be ordered requiring that the DEFENDANT take prompt action to modify the aforementioned policies and public facilities to render them

accessible to and usable by PLAINTIFF, and thereby make DEFENDANT'S services available to and usable by physically disabled persons, including PLAINTIFF.

26. Wherefore, PLAINTIFF prays the District Court grant relief as requested below.

## VIII. SECOND CLAIM
### VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 51, et seq.

27. PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 26.

28. California's Civil Code §51(b) requires that individuals with disabilities have "full and equal accommodations, advantages, facilities, privileges or services in all establishments of every kind whatsoever." DEFENDANT, and at all times mentioned in this complaint was, violating the California Civil Code §51 through DEFENDANT'S failure to remove architectural and accessibility barriers to the public accommodations and also through the disparate treatment of the PLAINTIFF.

29. DEFENDANT, complained of herein, located at 3457 Deer Valley Road, Antioch, CA  94531,is, and at all time mentioned in this complaint was, a "public accommodations" pursuant to the ADA and the California Civil Code.

*Moralez v. JP Morgan Chase Bank*
Plaintiff's Complaint                                                                                          9

30. PLANTIFF encountered accessibility barriers and was also subjected to disparate treatment while she patronized DEFENDANT'S public accommodations.

31. DEFENDANT has, and at all times mentioned in this complaint had, architectural and accessibility barriers that limited access for disabled individuals, including PLAINTIFF.  The accessibility denied PLAINTIFF, and other disabled persons to the equal access at DEFENDANT and its accommodations, advantages, facilities, privileges, and services resulted in discrimination against PLAINTIFF on the sole basis of PLAINTIFF'S disabilities. DEFENDANT'S violations are ongoing.

32.   DEFENDANT'S actions constitute intentional discrimination on the basis of PLAINTIFF'S disabilities in violation of the California Civil Code §51 in that: 1.)  DEFENDANT owned, operated and maintained public accommodations with customer service counters that were not ADA compliant and were inaccessible to disabled persons, and PLAINTIFF in particular; 2.)  DEFENDANTS knowingly failed to remove architectural and access barriers even though they were put on notice by PLAINTIFF of the accessibility barriers many times; 3.)  DEFENDANT subjected PLAINTIFF to disparate treatment when PLAINIFF was treated differently from other members of the public due to PLAINTIFF'S disabilities.

33.  California Civil Code §52 provides that the discrimination by DEFENDANT against PLAINTIFF on the basis of PLAINTIFF'S disability

constitutes a violation of the general anti-discrimination provisions of California Civil Code §51 and §52.

34. DEFENDANT'S discrimination constitutes a separate and distinct violation of California Civil Code §52, which provides that:

"Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to California Civil Code §51, §51.5, or §51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in §51, §51.5, or §51.6."

35. DEFENDANT knowingly violated California Civil Code §51 intentionally and/or with deliberate indifference to the likelihood that they were violating the rights of disabled people.  In addition, DEFENDANT'S violations were so intuitive or obvious that noncompliance could not be other than intentional.  In addition, PLAINTIFF put DEFENDANT on notice of the physical barriers many times over the last year.

36. The acts and omissions of DEFENDANT, as herein alleged, constitute a denial of access to, and use of, the described public facilities by physically disabled persons within the meaning of California Civil Code §51 and §52.  As a proximate result of

DEFENDANT'S acts and omissions, DEFENDANT discriminated against PLAINTIFF in violation of California Civil Code §51 and §52.

37. Any violation of the ADA also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law. Per California Civil Code §51(f), "(A) violation of the right of any individual under the ADA (Public Law 101-336) shall also constitute a violation of this section."

38. Wherefore, PLAINTIFF prays the District Court grant relief as requested below

### IX.   THIRD CLAIM

**VIOLATIONS OF CALIFORNIA CIVIL CODE § 54, et seq. – THE CALIFORNIA DISABLED PERSONS ACT**

39. PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 38.

40. The California Disabled Persons Act, California Civil Code §§54 and 54.1, (Hereinafter "CDPA"), guarantees people with disabilities full and free use of all public places and full and equal access to all places to which the public is invited.

41. DEFENDANT is, and at all times mentioned in this complaint was, violating the rights of disabled persons, and violated the

rights of PLAINTIFF, by denying her equal access to a public place through architectural barriers and disparate treatment.

42. DEFENDANT owns, operates, controls and/or leases a "public place" within the meaning of the CDPA. By failing to remove architectural barriers or to provide reasonable accommodations to the PLAINTIFF, DEFENDANT violated PLAINTIFF'S rights under the CDPA.

43. The actions of the DEFENDANT are, and at all times mentioned in this complaint were, in violation of the CDPA.

44. PLAINTIFF is entitled to damages for each offense, and to declaratory relief under California Civil Code §54.3.

45. PLAINTIFF is also entitled to reasonable attorneys' fees and costs under the CDPA.

46. Wherefore, PLAINTIFF prays the District Court grant relief as requested below.

## X.   PRAYER

WHEREFORE, PLAINTIFF prays the following:

1. Issue a preliminary and permanent injunction directing the DEFENDANT to modify it's facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANT provides adequate access to all citizens, including persons with

disabilities; issue a preliminary and permanent injunction directing DEFENDANT to maintain it's facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.   Retain jurisdiction over the DEFENDANT until such time as the District Court is satisfied that DEFENDANT'S unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.   Award to PLAINTIFF all appropriate damages, including, but not limited to, statutory damages and general damages in an amount within the jurisdiction of the District Court, according to proof;

4.   Award PLAINTIFF all litigation expenses and costs of this proceeding, including all reasonable attorney fees as provided by law; and

5.   Grant such other and further relief as this District Court may deem just and proper.

Date: _____.              _____

/s/ Russell S. Humphrey
By: Russell S. Humphrey
Attorney for PLAINTIFF
Francisca Moralez

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury pursuant to FRCP 38(b) on all issues of law raised in the complaint.

Date: _____.                    _____

/s/ Russell S. Humphrey
By: Russell S. Humphrey
Attorney for PLAINTIFF
Francisca Moralez